J. Andrew Coombs (SBN 123881)
J. ANDREW COOMBS, A P.C.
450 North Brand Boulevard, Suite 600
Glendale, California 91203-2349
Telephone: (818) 291-6444
Facsimile: (818) 291-6446

Attorneys for Plaintiff The Gillette Company







UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE GILLETTE COMPANY,

    Plaintiff,

vs.

RICHARD MBARIKET, MEGAWORLD and Does 1 through 10, inclusive

    Defendants.

Case No. CV 04-4723-GHK (CTx)

[PROPOSED] JUDGMENT PURSUANT TO ENTRY OF DEFAULT

Date: September 20, 2004
Time: 9:30 a.m.
Court: Hon. George H. King

This cause having come before this Court on the motion of Plaintiff The Gillette Company ("Gillette") for entry of default judgment and permanent injunction against Defendant Richard Mbariket ("Defendant");

AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiff' Motion;

AND, GOOD CAUSE APPEARING THEREFORE, the Court finds the following facts:

Gillette is the owner of trademarks registrations for GILLETTE, MACH3 and MACH3 TURBO, specifically including registrations numbered 767,865, 2,300,839 and 2,599,189 respectively in International Class 8 (the "Gillette Trademarks");

Gillette has complied in all respect with the laws governing trademark and secured the exclusive rights and privileges in and to the Gillette Trademarks;

The appearance and other qualities of Gillette Trademarks serve to identify Gillette as the source of products bearing the images and/or other qualities thereof.

Defendant engages in the unauthorized business of offering for importing, distributing, promoting, selling and/or offering for sale unauthorized goods featuring the Gillette Trademarks ("Infringing Merchandise");

The Defendant's importing advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of the Infringing Merchandise was engaged in willfully and intentionally, without leave or license of Gillette, in violation of Gillette's rights in and to the Gillette Trademarks. The emblems, devices and logos on the Infringing Merchandise are not just "confusingly similar" to the Gillette Trademarks, they are identical.

The Court specifically finds that Gillette is the prevailing party for purposes of an award of reasonable attorney's fees. Gillette has instituted this action for an entirely proper and appropriate purpose, solely to vindicate and enforce compliance with its rights which have been knowingly and willfully infringed by Defendant and to recover for infringement of such rights. Gillette's action was not brought frivolously. In contrast, the Defendant's infringing conduct, is a clear and unmistakable violation of Gillette's trademark rights. The Defendant's conduct has been patently unreasonable and egregious, violating Gillette's rights by appropriating and featuring Plaintiff' the Gillette Trademarks on products, when the Defendant intended, or knew or should have known, that such infringing activity would likely injure Gillette's name and reputation, requiring Plaintiff to institute and prosecute this action, and incur fees and costs in so doing, in order to attempt to obtain the Defendant's recognition and compliance with Gillette's rights. Considerations of appropriate compensation and

adequate deterrence also militate in favor of granting Gillette an award of attorney's fees, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505.

The liability of the Defendant in the above-referenced action for its acts in violation of Gillette's rights is knowing and willful, and as such the Court expressly finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein while retaining jurisdiction to adjudicate Gillette's claims as against the other remaining defendants in this action.

Therefore, based upon the foregoing facts, and

GOOD CAUSE APPEARING THEREFORE,

ORDERS that this Judgment shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. § 1051 et seq., 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. Service of process was properly made on the Defendant, and each of them.

2) Defendant has made unauthorized uses of the Gillette Trademarks or confusingly similar likenesses thereof.

3) The Defendant and his agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

   a) Infringing the Gillette Trademarks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any Infringing Merchandise, and, specifically:

   b) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Infringing Merchandise or any other Infringing

        Merchandise which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Gillette Trademarks;

  c) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Gillette Trademarks;

  d) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, the Defendant' customers and/or members of the public to believe, the actions of the Defaulting Defendant, the products sold by the Defendant, or the Defaulting Defendants itself is connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or is affiliated with Plaintiff;

  e) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

4) The Defendant is ordered to pay damages to Gillette pursuant to 15 U.S.C. §1116(a) in the principal sum of Seventy-Five Thousand Dollars ($75,000).

5) The Defendant is ordered to pay Gillette's attorneys' fees in the amount of Two ThousandTwo Hundred Dollars ($2,200) and costs.

6) This Judgment shall be deemed to have been served upon the Defendant at the time of its execution by the Court.

7) The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Judgment against Defendant.

8) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

Dated: Sept 29, 2004

*Audry B Collins*

Hon. ~~George H. King~~ Audry B Collins
United States District Judge

PRESENTED BY:

J. Andrew Coombs
A Professional Corporation

By: _____
J. Andrew Coombs
Attorney for Plaintiff The Gillette Company

Gillette v. Robert Mbariket: [Proposed] Judgment Pursuant to Default

- 5 -

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 450 North Brand Boulevard, Suite 600, Glendale, California 91203-2349.

On August 17, 2004 I served on the interested parties in this action with the

[PROPOSED] JUDGMENT PURSUANT TO ENTRY OF DEFAULT

for the following civil action:

THE GILLETTE COMPANY V. RICHARD MBARIKET, ET AL.

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

                    Richard Mbariket
                    20327 Saticoy Street #215
                    Canoga Park, CA 91306

Place of mailing: Glendale, California
Executed on August 17, 2004, at Glendale, California

_____
                Isabel Chang

Gillette v Richard Mbariket. Proposed Judgment Pursuant to Default

- 6 -